UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.B., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | Case No. 20-cv-02624-SK<br><br>**ORDER APPROVING MINOR'S SETTLEMENT**<br><br>Regarding Docket No. 35 |

On February 4, 2021, Plaintiffs filed a motion to approve the compromise of minor Plaintiff Y.B.'s claims in this matter. (Dkt. 35.) Defendants do not oppose the motion. (Dkt. 36.) The Court determines that the motion is appropriate for disposition without oral argument and, thus, is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 5, 2021, is VACATED. The case management conference currently set for March 29, 2021, is CONTINUED until June 28, 2021, to allow the parties time to execute the settlement before updating the Court. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS the motion for the reasons set forth below.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." *Id*. (quoting Fed. R. Civ. P 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of federal claims, district courts should "limit the scope

of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

The *Robidoux* Court expressly limited its holding to a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well. *Mitchell v. Riverstone Residential Grp.*, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). Plaintiff E.B. asserts both federal and state law claims here. The Court will apply the rule in *Robidoux* to evaluate the settlement of all of the Y.B's claims in this case. *See Doe ex rel. Scott v. Gill,* 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012).

The Court finds that the proposed settlement, including the minor Plaintiff's net recovery, is fair and reasonable. Accordingly, the proposed settlement is HEREBY APPROVED.

**IT IS SO ORDERED**.

Dated: March 22, 2021



SALLIE KIM
United States Magistrate Judge